[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12476

Non-Argument Calendar

_____

EDDIE GRIFFIN,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:18-cv-22775-RKA

_____

Before WILSON, ROSENBAUM, and LUCK, Circuit Judges.

PER CURIAM:

Petitioner-Appellant Eddie Griffin, a federal prisoner pro-ceeding *pro se*, appeals the denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. In his motion, Grif-fin argued that his guilty plea was not knowing and voluntary and that his appellate counsel was ineffective for failing to challenge the plea on that ground. The district court denied relief on both claims. Specifically, it found that Griffin's challenge to his plea was procedurally barred, and Griffin failed to show cause and prejudice to overcome that bar. As for Griffin's ineffective-assistance-of-coun-sel claim, the district court found that counsel's performance was not deficient because a challenge to the plea would have been mer-itless.

After careful consideration, we affirm the district court's de-nial of Griffin's § 2255 motion.

## I.    Background

Based on his participation in a robbery of a Miami McDon-ald's, Griffin was indicted for conspiracy to commit Hobbs Act rob-bery, in violation of 18 U.S.C. § 1951(a) (Count 1); Hobbs Act rob-bery, in violation of 18 U.S.C. §§ 1951(a) and 2 (Counts 8 and 10); and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Counts 9 and 11). The

substantive Hobbs Act robbery counts (Counts 8 and 10) served as predicates for the § 924(c) counts (Counts 9 and 11).

Based on a plea agreement, Griffin pled guilty to Counts 1, 10, and 11: conspiracy to commit Hobbs Act robbery, Hobbs Act robbery, and the § 924(c) offense. At the plea hearing, Griffin confirmed that he had a high-school-equivalent education level. He agreed that he had received "a copy of the indictment . . . with the written charges against" him, "had a full opportunity to discuss the charges and [the] case in general" with his counsel, and was "fully satisfied with the counsel, representation and advice that [he had] received from" trial counsel. The district court summarized the plea agreement and the rights Griffin was giving up by pleading guilty, and Griffin responded that he understood.

Following this colloquy, the district court determined that Griffin was "fully competent and capable of entering an informed plea" and "aware of the nature of the charges and the consequences of his plea." It further found that Griffin's guilty plea was "a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses."

The plea agreement contained a joint recommendation of 180 to 262 months of incarceration. Griffin's Presentence Investigation Report ("PSI"), prepared by the U.S. Probation Office, designated him as a career offender and set the advisory sentencing guidelines range at 262 to 327 months of incarceration, with a mandatory minimum consecutive sentence of 84 months on Count 11. Griffin objected to the PSI's career-offender designation and

description of his role in the offense, among other items.  After a hearing, the district court sentenced Griffin to 216 months of incarceration, including 84 months for the § 924(c) count.  It also imposed a term of three years of supervised release and a $300 special assessment.  Griffin appealed his sentence, but we dismissed that appeal as barred by the appeal waiver in Griffin's plea agreement. *United States v. Griffin*, 701 F. App'x 876, 878 (11th Cir. 2017).

Proceeding *pro se*, Griffin filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  He later amended that motion.  The district court denied relief.  On appeal, we held that the district court had not resolved two of Griffin's claims and remanded pursuant to *Clisby v. Jones*, 970 F.2d 925 (11th Cir. 1992). *Griffin v. United States*, 837 F. App'x 770, 772 (11th Cir. 2021).  Specifically, we directed the district court to address Griffin's claims that (1) he was actually innocent of the § 924(c) offense because he did not know in advance that his co-defendant would use a firearm, and (2) appellate counsel was ineffective for failing to raise that claim on appeal.  *Id.*

On remand, Griffin filed an amended § 2255 motion.  Adopting the magistrate judge's report and recommendation, the district court again denied relief  We granted a certificate of appealability on two questions:

> (1) Whether the district court erred in denying, as procedurally barred, Mr. Griffin's claim that his plea was not knowing and voluntary because he was not informed of the essential elements of the charges

against him, or whether the procedural bar should be excused based on the ineffectiveness of Mr. Griffin's appellate counsel?

(2) Whether the district court erred in denying Mr. Griffin's claim that appellate counsel was ineffective for failing to argue that his guilty plea was not knowing and voluntary because he was not informed of the essential elements of his offense?

## II.    Discussion

When considering the denial of a § 2255 motion,[1] we review legal conclusions *de novo* and findings of fact for clear error. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). Procedural default is a mixed question of law and fact that we review *de novo*. *Granda v. United States*, 990 F.3d 1272, 1286 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 1233 (2022). An ineffective-assistance-of-counsel claim also "presents a mixed question of law and fact," so we review the district court's decision *de novo*. *Pye v. Warden, Ga. Diagnostic Prison*, 50 F.4th 1025, 1034 (11th Cir. 2022) (en banc).

We review only the issues on which we granted a certificate of appealability, *Williams v. Allen*, 598 F.3d 778, 795 (11th Cir. 2010), though we construe *pro se* pleadings liberally, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

---

[1] The district court had jurisdiction over Griffin's motion under 28 U.S.C. § 2255(a). We have appellate jurisdiction under 28 U.S.C. §§ 2253(c), 2255(d), and 1291. Griffin's appeal is timely.

A. *The district court did not err in denying relief on Griffin's claim that his plea was not knowing and voluntary because it was procedurally defaulted.*

"Because a guilty plea involves the relinquishment of several constitutional rights and privileges, it must be entered voluntarily and knowingly." *United States v. Presendieu*, 880 F.3d 1228, 1238 (11th Cir. 2018). "A plea may be involuntary" where the defendant "has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." *Henderson v. Morgan*, 426 U.S. 637, 645 n. 13 (1976). When evaluating whether a plea was knowing and voluntary, we have identified three "core objectives": determining that (1) the plea was free from coercion; (2) the defendant understood the nature of the charges; and (3) the defendant understood the consequences of the plea. *Presendieu*, 880 F.3d at 1238.

But Federal Rule of Criminal Procedure 11 does not impose any "formula or mechanical rule" for ensuring the defendant understood the nature of the charges and "does not specify that a district court must list the elements of the offense." *Id.* (internal quotation marks omitted). Rather, we consider the particular circumstances of the case, including the charges' complexity, the defendant's intelligence, the contents of the factual proffer and the defendant's assent to that proffer, and the defendant's admissions. *Id.* at 1238–39; *see also United States v. James*, 210 F.3d 1342, 1344–45 (11th Cir. 2000).

22-12476                Opinion of the Court                7

Griffin first claims that his guilty plea was not knowing and voluntary because neither the district court nor trial counsel informed him of the essential elements of a § 924(c) offense. He contends that the district court failed to inform him that the government would have to prove advance knowledge that his co-defendant Jhirmack Wiles had a firearm. Griffin claims he lacked this advance knowledge.[2]

Griffin concedes that this claim is procedurally barred because he failed to raise it on direct appeal. *See Granda*, 990 F.3d at 1285–86. A defendant may overcome procedural default by demonstrating both cause for and actual prejudice from the default. *United States v. Frady*, 456 U.S. 152, 167–68 (1982). Actual prejudice requires more than "a *possibility* of prejudice" but rather a showing that errors at trial "worked to [the defendant's] *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 170 (emphasis in original). Alternatively, a defendant may avoid procedural default if he demonstrates "actual innocence," which "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Griffin claims appellate counsel's alleged ineffectiveness is sufficient cause and prejudice to overcome the procedural bar. *See*

---

[2] For the first time on appeal, Griffin also contends that had he known that a Hobbs Act conviction could be predicated on "fear," he would not have pled guilty. Instead, he would have understood the definition of Hobbs Act robbery to be vague and overbroad and argued that the district court lacked jurisdiction over his § 924(c) offense. Because Griffin failed to raise this claim below, we do not reach it. *See Tannenbaum*, 148 F.3d at 1263.

*Reece v. United States*, 119 F.3d 1462, 1465 (11th Cir. 1997). As detailed below, Griffin has not met his burden of showing that appellate counsel was constitutionally ineffective for failing to challenge his plea as not knowing and voluntary. So he must rely on actual innocence—namely, his lack of advance knowledge that Wiles was armed.

To convict Griffin of the § 924(c) charge on an aiding-and-abetting theory, the Government had to prove that Griffin (1) facilitated either the crime of violence or firearm use, or both, and (2) had advance knowledge that Wiles would use or carry a gun during the crime, such that Griffin had an opportunity to withdraw. *See Rosemond v. United States*, 572 U.S. 65, 67 (2014); *Steiner v. United States*, 940 F.3d 1282, 1290 (11th Cir. 2019). It is "inconsequential" if the defendant's acts "did not advance each element of the offense; all that matters is that they facilitated one component." *Rosemond*, 572 U.S. at 74–75. And "[t]he aiding and abetting theory is not an essential element of the offense." *United States v. DePace*, 120 F.3d 233, 236 n.3 (11th Cir. 1997).

Griffin admits that he served as "a lookout during a robbery in which [his] confederate brandished a firearm." According to the factual proffer, which Griffin signed, Griffin "was not armed but entered" the McDonald's "with Wiles who was armed with a shotgun." Griffin left the scene with Wiles in the same vehicle. Importantly, Griffin and Wiles had robbed a Seven Day Market earlier that day, and Wiles pointed a shotgun at the victim during that robbery. So Griffin knew that Wiles was armed before the McDonald's

robbery, and he cannot show "factual innocence" of the § 924(c) charge.  *See Bousley*, 523 U.S. at 623.  As a result, the actual-innocence exception cannot excuse Griffin's procedural default here.[3]

But even if Griffin's claims were not procedurally defaulted, the record indicates that his guilty plea was knowing and voluntary. During the plea colloquy, the district court asked Griffin whether he discussed the charges and any possible defenses with his counsel, and Griffin answered that he had.  Griffin also confirmed that he had reviewed the factual proffer with counsel, signed it, and agreed with every fact it contained.  When asked whether there was anything about the plea agreement that he did not understand, Griffin responded, "No."

Since the record indicates that Griffin understood the nature of the charges against him, understood the consequences of the plea, and was not coerced, our precedent requires nothing further. *See Presendieu*, 880 F.3d at 1238; *United States v. Camacho*, 233 F.3d 1308, 1316 (11th Cir. 2000) (finding that a plea based on an aiding-and-abetting theory was knowing and voluntary when the defendant affirmed that she was "in fact guilty of what she was pleading

---

[3] Griffin asserts that, because he was not represented by counsel in his initial § 2255 proceedings, procedural default does not bar consideration of this claim. But Griffin misconstrues the default at issue.  Here, that default occurred on direct appeal (where Griffin was represented by counsel), not in collateral proceedings.  And the default was not Griffin's failure to allege ineffective assistance of counsel on direct appeal but rather his failure to allege that his plea was not knowing and voluntary.

to" (alteration adopted)).  The district court properly denied relief on this claim.

### B. *The district court did not err in denying relief on Griffin's ineffective-assistance-of-counsel claim.*

Griffin further claims that his appellate counsel was ineffective for failing to challenge whether his plea was knowing and voluntary.   He claims that the district court did not address this claim as "freestanding" under the Fourteenth Amendment's Due Process Clause.

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) counsel's performance was deficient, meaning that "counsel's representation fell below an objective standard of reasonableness"; and (2) counsel's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984).  "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms" judged "on the facts of the particular case."  *Id*. at 688, 690.  To demonstrate prejudice, the defendant must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. U.S. at 694.  Claims regarding appellate counsel are governed by the same framework as those regarding trial counsel.  *Philmore v. McNeil*, 575 F.3d 1251, 1264 (11th Cir. 2009).

"[A]ppellate counsel [is] not ineffective for failing to raise a nonmeritorious issue." *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001) (citation omitted).  Because Griffin's claim that his guilty

plea was not knowing and voluntary lacks merit, as we've discussed above, appellate counsel did not perform deficiently by failing to raise this claim. Rather, "counsel's conduct [fell] within the wide range of reasonable professional assistance," *Strickland*, 466 U.S. at 689, and Griffin's claim fails the deficient-performance prong.

Even if counsel performed deficiently, Griffin cannot satisfy *Strickland*'s prejudice prong. Appellate counsel's deficient performance prejudices a defendant if "there is a reasonable probability of a different result in the appeal had the claim been presented in an effective manner[.]" *Butts v. GDCP Warden*, 850 F.3d 1201, 1204 (11th Cir. 2017). Griffin cannot establish a reasonable probability that, had appellate counsel raised this claim, the result of his appeal would have been different. To be sure, if appellate counsel had argued that Griffin's plea was not knowing and voluntary on appeal, this claim would not be procedurally defaulted for the purpose of § 2255 proceedings. But, again, the underlying claim lacks merit, so appellate counsel's failure to raise it did not prejudice Griffin.

For these reasons, the district court correctly concluded that Griffin's appellate counsel was not constitutionally ineffective for failing to challenge Griffin's plea as not knowing and voluntary.

## III.    Conclusion

Because Griffin's guilty plea was knowing and voluntary, and because appellate counsel did not render constitutionally ineffective assistance with respect to this claim, the district court properly denied Griffin's § 2255 motion to vacate, set aside, or correct his sentence. The district court's judgment is affirmed.

12                    Opinion of the Court                    22-12476

**AFFIRMED**.